40 265
46 252

JAMES THORNTON *et al.*, Trustees of the ZOAR BAPTIST CHURCH, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 31, 1890.**

1. **Appellate Practice:** OBJECTION TO EVIDENCE. Objections to the admissions of evidence cannot be made for the first time in the appellate court.

2. **Instruction:** POSSESSION : INDEFINITE DESCRIPTION : INTENTION OF GRANTOR. In a contest between two grantees of the same grantor, where the older conveyance was indefinite in its description of the premises intended to be conveyed, it is not error to admit parol evidence as to the intention of the grantor to convey to the older grantee the land claimed to be embraced in the conveyance to the subsequent grantee, and to instruct the jury that if the grantors in the former conveyance intended and understood they were conveying the premises in dispute to the grantees therein, and that said grantees, believing said deed, conveyed said premises to them, and, under and by virtue thereof, took possession of said premises, and have ever since that time—more than ten years—held possession thereof, and now have possession of the same, then said former grantees are entitled to recover, etc.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

Statement by the court.

This is an action, brought by the trustees of the Zoar Baptist church, at Napton, to recover damages for the alleged taking of a small corner of a lot of ground, alleged to belong to the church, by the defendant railway company, and for the inconvenience resulting to the congregation from the operation of its trains on its road. It is claimed by plaintiff that the corner of their lot ran up to the edge of the public road. In 1867, Philip Leininger and others conveyed, out of a larger tract, to which they had the legal title, to the said church "three-fourths of an acre of land, within and surrounding said Baptist church, in the town of Jonesboro, * * * said land to extend to the present county road, west of said church, * * * so long as said property, hereby conveyed, shall be used for church purposes."

The said Leininger owned the property on the south and west of the road. It further appeared that since the deed was made the road had been changed twice, once by the railroad. There was no evidence as to the extent of such change, or the distance from the original location. The railroad was constructed in front of the church, across a public road, by permission of the county court, and it is contended that from the corner of the lot, as fixed by plaintiffs' witnesses, to the center of the track is twenty-five feet. It further appeared in evidence that only a portion of the three-fourths of an acre conveyed to the church was inclosed, and that the corner alleged to have been taken was off that portion which was uninclosed, and was used for hitching horses, and as a means of ingress and egress by the original grantees to their premises. The same grantors conveyed to the railroad company the right of way through their land, and it was in evidence that the defendant's engineer had no information as to any claim that the church had upon the corner taken, and that the trustees of the church,

although they knew the road was being constructed and were there, made no claim to the corner in controversy, and that he supposed the land was covered by the deed to the company.

*Adams & Buckner*, for the appellant.

(1) The court erred in admitting evidence as to anticipated damages, caused by the noise made by trains passing the church, frightening horses, etc., such inconvenience is no ground for damages. *Beisman v. Railroad*, 50 N. J. L. ( 21 Vroom.) 235 ; *Patten v. Railroad*, 33 Pa. St. 426 ; *Moses v. Railroad*, 21 Ill. 522 ; *Railroad v. Lazan*, 28 Pa. St. 203 ; *Stone v. Railroad*, 68 Ill. 394. (2) Philip Leininger conveyed to defendant railway company a right of way, one hundred feet wide, through his land, for the consideration of two hundred dollars. He had previously granted three-quarters of an acre "within and surrounding said church." As between these parties, the court erred in permitting parol evidence, as to the intention of the grantor to convey to the church the land which is embraced in the right of way. *Bailey v. White*, 41 N. H. 337, 344 ; *Child v. Well*, 13 Pick, 121 ; *McCoy v. Galloway*, 3 Ohio, 283 ; *Emery v. Kohlen*, 29 Barb. 169 ; *Parker v. Kane*, 22 How. [U. S.] 1–18 ; *Clark v. Baird*, 5 Seld. 183 ; *Dodge v. Nichols*, 5 Allen, 584 ; *Peaslee v. Gee*, 19 N. H. 278; *Dean v. Erskine*, 18 N. H. 83 ; *McGuire v. Tyler*, 8 Wall. 660; *Danterior v. U. S.*, 11 Otto, 707 ; *Woodford v. McKinney*, 23 Tex. 45. Under these authorities, the court erred in giving to the jury respondents' fourth instruction and refusing instruction numbered four, prayed by appellant.

*Scott & Cooney*, for the respondents.

(1) As to the first point made by the defendant: The evidence complained of was brought out wholly by the defendant in his cross-examination of plaintiffs' witnesses ; he made no objections to the evidence on

the trial of the case, either general or specific, and "it
hardly lies in the mouth of the defendant to object
here to" an error, if it be an errror, "which he invited
the court to commit." An objection to evidence comes
too late when made for the first time in the appellate
court. *Loomis v. Railroad*, 17 Mo. App. 340-53 ; *Davis
v. Brown*, 67 Mo. 313; *Faulkner v. Thornton*, 68 Mo.
368-9 ; *State v. West*, 21 Mo. App. 309. (2) The second
point assigned for error by the defendant is an indirect
attempt to set up an estoppel, and it is claimed that, as
between plaintiff and defendant, the court erred in
permitting parol evidence, as to the intention of the
grantor to convey to the church the land embraced in
the right of way. (*a*) The defendant did not plead
estoppel in its answer and no instructions were asked
on any such theory. *Miller v. Anderson*, 17 Mo. App.
71; *Bray v. Marshall*, 75 Mo. 327; *Robbins v. Magee*, an
Indiana case, decided November 29, 1881, found in 4
Cent. L. J. 129 ; *Walker v. Owens*, 79 Mo. 563-8 ; *Boles
v. Perry*, 51 Mo. 449 ; *Spurlock v. Sproule*, 72 Mo. 503 ;
Bigelow on Estoppel [3 Ed.] 503. (*b*) The evidence
given on the trial does not show facts sufficient to cre-
ate an estoppel. (*c*) The court committed no error in
permitting parol evidence as to the intention of the
grantors, in making their deed to the church, to convey
to it the land embraced in the right of way from Lein-
inger. *Sensenderfer v. Kemp*, 83 Mo. 581-9 ; *Rhodes
v. Outcalt*, 48 Mo. 367-70 ; *Muldrow v. Robinson*, 58
Mo. 331-50 ; *Maupin v. Emmons*, 47 Mo. 304-6.
(*d*) And now as to the evidence itself : The lot being
the property of plaintiffs they had the right to show it
by any evidence in their possession. They showed title
by actual adverse possession for the statutory period.
They showed a deed from Leininger, Lewis and Moore
to the trustees of the church society, imperfect, it is
true, for the want of definiteness of description, but it
is a deed between grantor and grantee, and "the law
applicable to deeds of this character" is not so strict

in its requirements of certainty in their description of the lands conveyed, as in sheriff's sales and other proceedings *in invitum*. In the former parol evidence is allowed to explain and identify and locate. *Long v. Higginbotham*, 56 Mo. 245-51; *Mansfield v. Pollack*, 74 Mo. 185-7. (*e*) If the positions taken by the plaintiff in the foregoing be correct, it follows that the court did not err in giving to the jury respondents' instruction, and in refusing instruction numbered four, in the shape it was asked for by the appellant.

ELLISON, J.—Defendant assigns but three errors in this court upon which it asks a reversal:

( 1 ) "The court erred in admitting evidence as to anticipated damages, caused by the noise made by trains passing the church, frightening horses, etc. Such inconvenience is no ground for damages."

( 2 ) "The court erred in giving to the jury respondents' fourth instruction, and refusing instruction numbered four, prayed by appellant."

( 3 ) "Philip Leininger conveyed to the defendant railway company a right of way, one hundred feet wide, through his land, for the consideration of two hundred dollars. He had previously granted three-fourths of an acre 'within and surrounding said church.' As between these parties, the court erred in permitting parol evidence, as to the intention of the grantor to convey to the church the land which is embraced in the right of way."

As to the first objection, it is sufficient to say that the evidence was admitted by the trial court without objection from defendant, and it cannot now be heard to complain. Objections of this nature cannot be made for the first time in this court.

As to the second objection, the court gave for plaintiff the following instruction:

"4. Although the jury may believe that the deed offered in evidence by the plaintiff from C. Q. Lewis and others to James Thornton and others, as trustees of

the United Baptist Church of Zoar, does not definitely and properly describe the premises mentioned in the petition, yet, if they further believe from the evidence, that the said deed was made by the grantors therein named, with the intention and understanding that they were thereby conveying the premises mentioned in the petition to said trustees therein named, for the use and benefit of the said United Baptist Church of Zoar for church purposes, and that said church and its trustees received said deed believing that it conveyed to them said premises, and that under and by virtue of said deed the said church society and its trustees took possession of said premises, and have ever since that time, to-wit, June 18, 1867, held possession of said premises, and now have possession of the same, and have heretofore and now do hold and use said premises for church purposes, and that the church society, mentioned in the petition, is the same church society mentioned in said deed, although with different names, and that plaintiffs are the duly appointed trustees of said church society, then plaintiffs are entitled to recover all damages (if any) done to said church property by reason of defendant's railroad running over or through any part of the same; if said road was run over said property, without condemnation proceedings, and without the consent of the plaintiffs, not exceeding the sum of two thousand dollars.''

Under the evidence in the cause there was no error in this instruction. Notwithstanding the indefiniteness of the description in the deed, the testimony showed without contradiction that the church had the property in constant possession and use, claiming title thereto for more than ten years prior to defendant's trespass. This, of itself, would give title to the church upon which this action could be maintained. That portion of the lot which is termed the open space or common was fenced on three sides, the public road being the boundary on the fourth side, and there had been erected

within this partial inclosure hitching racks and stiles, for the convenience of those attending services in the church. These were used in connection with the church. When it is remembered that the congregation making use of these premises was from the surrounding country to a distance of eight miles, and came on horseback, in wagons and carriages, it can readily be seen that this ground was almost indispensable to the use of the church property. We are of the opinion that this character of use and possession for a continuous period of ten years was sufficient to vest the title, without the aid of the deed. The same can be said in answer to the objection to admitting parol evidence of the grantor's intention. The judgment is affirmed. All concur.